**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVERETTA A. HAYES | * |
| Plaintiff, | * |
| v. | * Civil Case No.: SAG-12-336 |
| MARYLAND TRANSIT ADMINISTRATION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before this Court is a motion to dismiss, or in the alternative, for summary judgment, filed by Defendant Maryland Transit Administration ("MTA"). [ECF No. 30]. The issues have been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the motion will be granted.[1]

**I. Factual Background**

*Pro se* Plaintiff Daveretta Hayes, an African-American woman, has filed suit against the MTA. Plaintiff alleges that the MTA discriminated against her on the basis of gender and race, and that the MTA retaliated against her for engaging in protected activities. Specifically, Plaintiff alleges that the MTA refused to allow her to transfer from her management position to her previous union position with union seniority, even though the MTA allowed similarly situated males to be reinstated with union seniority.

---

[1] This case has been referred to me by Judge Quarles for all proceedings and for the entry of judgment. [ECF No. 16].

Plaintiff has worked for the MTA from 1985 to the present day. From 1985 to 2004, Plaintiff held several union positions, including bus operator, and was a member of the Amalgamated Transit Union Local 1300 ("Local 1300"). Hayes Dep. 7:8-12:18. In October, 2004, Plaintiff accepted a promotion to the position of Supervisor-Transportation, a non-union management position. When her six-month probationary period expired in April, 2005, Plaintiff ceased to be a member of the union, as she now held a management position. Hayes Dep. 15:9-21. Several years later, in or around 2009, the MTA reorganized Plaintiff's department, and Plaintiff wished to return to her previous union position as a bus operator. Hayes Dep. 25:3-29:5. Plaintiff was told that she could return to her bus operator position, but in doing so, she would not recover the union seniority she had accrued from 1985-2004.[2] Hayes Dep. 29:1-5. Plaintiff then wrote grievance letters and filed an EEOC charge alleging that she had been discriminated against on the basis of sex. Hayes Dep. 25:3-27:21. When Plaintiff's EEOC charge was denied, she filed the instant lawsuit.

## II.     Legal Standards

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The MTA's motion requires "looking beyond the four corners of the complaint," and therefore will be treated as a motion for summary judgment. *See Villaras v. Geithner*, Civil No. JFM 08-2859, 2009 WL 3418574, at *7 (D. Md. Oct. 20, 2009).

A motion for summary judgment is granted under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990). Summary

---

[2] Plaintiff would not lose her MTA seniority for benefit, pension, and vacation purposes, but would lose her accrued union seniority. McClure Aff. ¶¶ 7-9.

judgment is precluded only when there are disputes over the facts that might affect the outcome of the proceedings under the applicable law. Factual disputes that are not relevant or not necessary will not be considered in a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the non-moving party must show that there is a genuine issue for trial. A court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 242-43.

In ruling on a motion for summary judgment, a court must view the facts and inferences "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). In addition, *pro se* plaintiffs' complaints must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nonetheless, courts have an affirmative obligation to "prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

**III.     Analysis**

Plaintiff's complaint, read in the light most favorable to her, alleges that the MTA discriminated against her on the basis of gender and race under Title VII of the Civil Rights Act of 1964, and that the MTA retaliated against her for filing EEOC complaints. Both allegations are factually unsupported.

Taking Plaintiff's gender and race discrimination claims first, Plaintiff must establish discriminatory intent under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. To do so, Plaintiff must either show "direct evidence of discriminatory animus" or follow the

burden-shifting analysis employed in *McDonnell Douglas*. *See Frank v. England*, 313 F. Supp. 2d 532, 537 (D. Md. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Plaintiff here has provided no direct evidence of discriminatory animus, such as express gender-based comments or action. As such, this Court will follow the *McDonnell Douglas* framework. *See id.* at 537-38. Plaintiff must first establish a *prima facie* case, creating an inference of discrimination. *Id.* at 537. If Plaintiff establishes a *prima face* case, the burden shifts to the MTA to proffer "legitimate nonretaliatory reasons for the adverse action." *Id.* If the MTA meets that burden, the burden reverts to Plaintiff to prove "by a preponderance of the evidence that the proffered reasons are pretextual." *Id.*

To establish a *prima facie* case, a plaintiff must prove that "(1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he suffered an adverse employment action; and (4) he was treated differently than similarly situated employees outside his protected class." *Id.* at 538. The MTA concedes, for the purposes of its motion, that Plaintiff has established the first three prongs of this test. As for the fourth prong, the MTA argues that Plaintiff has failed to establish that she was treated differently than similarly situated employees outside of her protected class. The MTA is correct.

Article 15 of the Collective Bargaining Agreement ("CBA") between the MTA and Local 1300 provides that where an "employee is permanently transferred out of, and later returns to his/her former position in the collective bargaining unit covered by this Agreement, he/she will be placed at the bottom of the Seniority List." Def.'s Mot., Ex. 4. However, a union employee transferred to a managerial position may return to her union position within a six month probationary period without losing union seniority. *See id.* Plaintiff was promoted by the MTA to a management position in October, 2004, and her six month probationary period ended in

April, 2005. When Plaintiff attempted to regain her former union position with seniority several years later, the MTA told her this would not be possible under the CBA. McClure Aff. ¶ 7. Plaintiff alleges that the MTA allowed five identified male employees to be reinstated with their accrued union seniority. Plaintiff and these male employees, however, are not and were not similarly situated.

Unlike Plaintiff, none of the five male employees transferred from union to management and sought reinstatement in the union outside of their six month probationary periods. Greg Dupye, Kevin Whitley, and William Fuller all held the position of bus operator, and all were promoted from their union positions to management positions. These three individuals have never been reinstated to their former union positions. Dunham Aff. ¶¶ 4-7. Clinton Morton was hired as a bus operator, promoted to management, resigned in September, 2007, and reinstated to his management position in January, 2008. Dunham Aff. ¶ 6. Mr. Morton's management position is governed by the Transportation Resources Management System, not the CBA. As a result, Mr. Morton's seniority was handled in accordance with a different set of rules.

Roberto Angelini resigned from his union position as bus operator in March, 2008. Wyatt Aff. ¶¶ 3-4. He returned to his union position approximately four months later. Wyatt Aff. ¶¶ 3-4. Article 15 of the CBA allows union employees who transfer to management to return to the union within six months without losing their seniority. Although Angelini had not transferred to management, the MTA reinstated his seniority under Article 15 as if he had transferred to management because he had only left his position four months prior, his same badge number was still available, the MTA had not hired any new bus operators during his absence, and there would be no impact on other employees' seniority rights with his reinstatement. Wyatt Aff. ¶¶ 3-4. Plaintiff, unlike Angelini, sought reinstatement and union

5

seniority several years after leaving the union and taking a management position. She has therefore failed to prove that Angelini, or the other four male employees, were similarly situated.

Even if Plaintiff had established a *prima facie* case of discrimination, the MTA has provided a legitimate non-discriminatory reason for refusing to reinstate Plaintiff to her previous position with her union seniority. The MTA simply followed Article 15 of the CBA, which only allows reinstatement with union seniority if a manager seeks reinstatement to her union position within six months of being transferred to management. Plaintiff sought reinstatement many years after her six-month window had passed. The MTA's justification shifts the burden back to Plaintiff, who must prove by a preponderance of evidence that the MTA's reason is a pretext for discrimination. *See Frank*, 313 F. Supp. 2d at 537. In proving pretext, "a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action." *Williams v. Cerberonics*, 871 F.2d 452, 455 (4th Cir. 1989). Plaintiff here only provided this Court with general assertions of discrimination, and has not provided any argument that the MTA's reason is a pretext. As such, Plaintiff's claim for gender discrimination fails.

Plaintiff's race discrimination[3] and retaliation claims[4] must be dismissed because Plaintiff did not bring these claims in her EEOC charge. Hayes Dep. 26:18-28:2; Def.'s Mot., Ex. 11. As

---

[3] Plaintiff has also failed plead a *prima facie* case of race discrimination. Plaintiff has not provided any evidence that she was "treated differently" than similarly situated non-African-American employees. She has not even identified any comparators for her race discrimination claim.

[4] Plaintiff has also failed to plead a *prima facie* case of retaliation. To prove retaliation, Plaintiff must prove that she engaged in protected activity, an adverse employment action was taken against her, and there was a causal link between the protected activity and the adverse employment action. *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004). Plaintiff has not provided a causal link between her filing of EEOC complaints and the MTA's refusal to transfer her back to bus operator with union seniority. "A plaintiff's own self-serving opinions, absent

the Fourth Circuit has held, "[b]efore a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Critically, "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Id.* In *Bryant*, the plaintiff's EEOC charge alleged race discrimination, but his complaint alleged additional counts of retaliation and discrimination based on color and sex. *Id.* at 132-33. The court dismissed the plaintiff's additional counts because he did not include the allegations in his EEOC charge. *Id.* at 133. Similarly, here, Plaintiff's EEOC charge only alleged sex discrimination. There was no administrative investigation of the remaining charges brought in Plaintiff's complaint. *See* Def.'s Mot. Ex. 11. Plaintiff's race discrimination and retaliation claims must therefore be dismissed.

    A separate order follows.


Dated: October 17, 2012                                    /s/
                                                                            Stephanie A. Gallagher
                                                                            United States Magistrate Judge

---

anything more, are insufficient to establish a *prima facie* case of discrimination." *Id.* at 469-70. Because Plaintiff has not provided anything more than self-serving opinions, her retaliation claim fails as a matter of law.