**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 12, 2013

LETTER TO COUNSEL

      RE:    *Daveretta A. Hayes v. Maryland Transit Administration*;
             Civil No. SAG-12-336

Dear Counsel and Ms. Hayes:

      Pending is a motion for reconsideration[1] of this Court's decision to grant Defendant Maryland Transit Administration's ("MTA") motion to dismiss or for summary judgment ("MTA's motion"). ECF No. 36. In her complaint, *pro se* Plaintiff alleges that the MTA discriminated against her on the basis of gender and race under Title VII of the Civil Rights Act of 1964, and that the MTA retaliated against her for filing EEOC complaints. ECF No. 2. This Court granted MTA's motion, finding that Plaintiff failed to establish that she was treated differently than similarly situated employees, and that the MTA had provided a legitimate non-discriminatory reason for refusing to reinstate Plaintiff to her previous position with union seniority. *See* ECF No. 34. The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Plaintiff's motion for reconsideration will be denied.

      Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). There are three recognized grounds for amending an earlier judgment pursuant to Fed. R. Civ. P. 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . or (3) to correct a clear error of law or prevent manifest injustice." *Id.* Plaintiff has failed to prove that any of these grounds apply here.

      Plaintiff argues that she was treated differently than five named male employees, including Mr. Angelini. This argument must fail because it is no different than the argument made in her opposition to the MTA's motion. *See id.* Even if the Court does consider the merits of this argument, Plaintiff has again failed to show that she and these male employees are similarly situated.

      Plaintiff also brings new evidence relating to MTA's argument that it was able to re-hire Mr. Angelini and give him the same badge number because it had not hired any new bus

---

[1] *Pro se* Plaintiff erroneously moves for reconsideration pursuant to Rule 59(a), which governs motions for a new trial. Because she appears *pro se*, this Court will treat Plaintiff's motion as a motion to alter or amend a judgment under Rule 59(e), or for relief from a final judgment under Rule 60(b).

operators between the time Mr. Angelini resigned and was rehired.  Plaintiff alleges that MTA hired several new bus operators in this time period.  The Court cannot revise its judgment based on this "new evidence."  If a party relies on new evidence, the party "must produce a legitimate justification for not presenting the evidence during the earlier proceeding."  *Id.*  This is true whether the motion is made pursuant to Rule 59 or Rule 60.  *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).  Plaintiff has failed to provide any explanation for her failure to raise this evidence earlier.  Moreover, even if the new evidence is considered, it fails to establish that Plaintiff and the named male employees are similarly situated.  Thus, Plaintiff's motion for reconsideration must fail.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge